STORM HITCHCOCK *v.* THE STATE.

(*Nashville.*    December Term, 1921.)

CRIMINAL LAW.  Judgment of imprisonment pronounced after judgment of fine at prior term of court held illegal.

Where defendant pleaded guilty to gaming, and judgment was rendered, assessing a fine and reserving the question of jail sentence until the next term of court, when a judgment of jail sentence was rendered in addition to the fine, since upon adjournment the power of the court over the record is at an end, the judgment of imprisonment was illegal.

Cases cited and approved:  State v. Dalton, 109 Tenn., 544;  Spencer v. State, 125 Tenn., 64.

FROM PUTNAM.

Error to the Criminal Court of Putnam County.—HON. J. M. GARDENHIRE, Judge.

O. K. HOLLADAY, for plaintiff in error.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE HALL delivered the opinion of the Court.

This is an appeal by the plaintiff in error, Storm Hitchcock, from a judgment of the criminal court of Putnam county, rendered at its May term, 1921, upon a conviction for gaming.  The judgment appealed from sentenced the

plaintiff in error to confinement in the county jail for a period of sixty days.

At the preceding term of the court, which was the January term, 1921, plaintiff in error pleaded guilty to the charge of gaming, and judgment was then rendered by the court, assessing a fine against him for the sum of $50 and costs. The judgment further provided as follows: "And the question of jail sentence is hereby reserved until the next term of this court."

At the May term, plaintiff in error being properly before the court, an order was entered, reciting the plea of guilty, and the fine assessed at the January term, and further reciting that the question of jail sentence had been reserved until the May term, and then adjudging that the plaintiff in error "for his said offense of gaming be committed to the county jail of Putnam county for a period of sixty days in addition to the fine heretofore imposed."

Thereupon plaintiff in error moved in arrest of judgment, which motion was overruled by the court. Plaintiff in error has appealed to this court, and insists that the judgment rendered at the May term, imposing upon him a jail sentence, was without authority and void for the reason that the court had, at the former term, rendered judgment against the plaintiff in error for the fine and costs, and was without authority at a subsequent term to modify, alter, or enlarge said judgment. In other words, it is the insistence of plaintiff in error that upon the final adjournment of court at the January term the power or authority of the court over the judgment was gone.

In *State* v. *Dalton,* 109 Tenn., 544, 72 S. W., 456, it was held that as long as the court remains in session the record is in the breast of the judge, and all judgments entered at

that term may be vacated or modified upon any subsequent day of the term, but upon final adjournment the power of the court over the record is at an end.

It was further held in that case that if the parties to the cause have been dismissed by final judgment and adjournment of the term, the court has no more jurisdiction of them and of the case upon the merits than where no suit has been instituted or process served; and that any order or judgment made at a subsequent term, affecting a final judgment unquestioned by proceedings in error, except in cases to correct errors resulting from clerical mistakes, is *coram non judice,* and a nullity.

The same principle is announced in *Spencer* v. *State,* 125 Tenn., 64, 140 S. W., 597, 38 L. R. A. (N. S.), 680.

It results that the judgment of the court below will be reversed, and plaintiff in error will be discharged.