DEWEY FOSTER *v.* E. R. ADCOCK.

(*Nashville,* December Term, 1929.)

Opinion filed July 19, 1930.

H. FRANK TAYLOR, for complainant.

W. P. BARTON, JR., guardian *ad litem,* and HARRY HITE, for defendant.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Defendant is a five year old minor, who was injured in an automobile accident. Suits for damages resulted in recoveries by the father of $250, and for the infant of $400, less an allowance of $100 to Attorneys, $300 of this latter sum was paid into Court for the minor. The father paid to the physician who attended the child $100, on account of a bill rendered by the physician for these services, in the total sum of $220. This bill was brought by the physician to impound the minor's fund in court

and subject enough thereof to satisfy this unpaid balance of his charge. On the hearing the Chancellor, being of opinion that the obligation was that of the father, with whom the bill charged that the minor "lives and who has charge, custody and control" of him, sustained the plea of infancy (a fact also shown by the bill), and dismissed the suit.

Appealing complainant insists that the services rendered were necessaries, for the payment of which the minor's funds may be subjected. Undoubtedly a minor can bind himself and his estate for necessaries. *McMinn v. Richmonds*, 6 Yerg., 9.

And we think also that emergency services of a physician are within the class of necessaries contemplated by this rule, although we are advised of no case applying this rule, when the minor was an infant of such tender years as to be incapacitated in fact, as well as in law, by virtue of minority, to contract therefor.

But, the authorities appear to agree that, if the infant lives with his parent and is in his charge, custody and control, as here shown, and the care and protection of the parent is duly exercised in his behalf, he cannot bind himself for necessaries. *Elrod* v. *Meyers*, 2 Head, 35; *Nichol* v. *Steger*, 2 Tenn. Chy., 328, and 6 Lea, 394.

The theory of the complainant is that the father in this case neither expressly contracted to pay for these services, nor was financially able to do so, the bill, by amendment, charging that the father was at the time and since and now "financially unable to take care of or pay said just bill or any part thereof." It is insisted that the infant's estate may be charged, even though he is living with and in the custody of his parent, if it appears that the parent is financially unable to pay for his necessaries. It was held by the Supreme Court of Mass. in *Hoyt* v.

*Casey* (114 Mass., 397, 19 Am. R., 371) that the parent's financial inability to pay for medical services does not render the infant liable. In that case the Court said that "when necessary professional services are rendered to a minor son residing in the house of his father, the legal inference is that the father is the person liable therefor;" that no refusal or neglect to perform his duty was shown. The Court refused to except from the general principle that the parent and not the child is liable for necessaries, a case wherein the father was merely shown to be financially unable to meet the obligation.

It does not appear here that the parent was failing generally to meet his duty in providing necessaries for his child. He promptly paid on this account a large portion of it. There is no allegation in the bill that he disclaims liability for it. On the contrary it is alleged that no complaint was made of the amount of the bill. The sole basis suggested for application of the exception is the charge that the father is financially unable to pay this balance. This suit was brought in April, shortly after the services were rendered. No presumption applies that the father would not later be able to meet the balance of the debt.

Certainly a case is not presented of indifferent failure, or refusal, of a parent to provide necessaries for a child. Indeed, the necessary medical services were in fact supplied, and that the parent recognized his obligation arising on account thereof is indicated by his ready and prompt payment of a large part of the bill.

■ The law implies a contract or promise on the part of a father to pay for necessaries furnished his minor child.

■ In *Hill* v. *Childress*, 10 Yerg., 515, this Court recognized that an express contract for a parent to pay an

attorney for conducting a child's defense, might be established by evidence that the father was present and aiding in the trial. We are of opinion that the obligation here was that of the parent, not that of the child; and that a case does not arise under the exception relied on for the appellant. The acceptance by the father of the physician's services to this infant, and his subsequent recognition of obligation therefor, by partial payment, coupled with the legal duty resting on the father (*Wallace* v. *Cox*, 136 Tenn., 72; *State* v. *Barnes*, 141 Tenn., 471) to provide such necessary services, are circumstances sufficient to support a finding of a contractual obligation on the part of the father. It being the father's debt the child may not be held thereon.

The decree is affirmed.