C. B. Shipley and Ida May Shipley *v.* J. H. Barnett.

(*Knoxville,* September Term, 1930.)

Opinion filed November 28, 1930.

Murray & Counts, for plaintiff in error.

Shepherd & Carden, for defendant in error.

Mr. Justice Swiggart delivered the opinion of the Court.

Plaintiffs in error instituted separate suits for damages against the defendant in 1922. On May 8, 1928, an order was entered on the minutes of the circuit court, reciting that the plaintiffs were called to come into court and prosecute their cases, but came not and made default. Thereupon it was ordered by the court that each case be dismissed. Costs were adjudged against the plaintiff in each case and execution therefor ordered to be issued.

On June 14, 1928, more than thirty days after the order of dismissal was entered, but at the same term of the circuit court, the plaintiffs moved that the order of dismissal be set aside, and the cases restored to the trial docket. This motion of the plaintiffs was sustained on June 18, 1928.

At a subsequent term, on motion of the defendant, the circuit court ruled that it was without jurisdiction to set aside the order of dismissal, after the lapse of thirty days from the date of its entry, and a further order was entered that the cases "stand dismissed." From this judgment the plaintiffs have appealed in error.

The cases heretofore decided by this court, giving express consideration and effect to the Acts of 1885, chapter 65, leave no doubt as to the correctness of the final ruling of the circuit court. *Feldman* v. *Clark*, 153 Tenn., 373; *Railroad* v. *Ray*, 124 Tenn., 16; *Ellis* v. *Ellis*, 92 Tenn., 471; *Railroad* v. *Johnson*, 84 Tenn., 387.

In the case last cited, it was expressly held that the effect of the Act of 1885 was to deprive trial courts of the control they had hitherto possessed and exercised over final judgments during the term at which said judgments were rendered, "after the expiration of thirty days from their rendition, where no appeal is prayed and granted, and no appeal bond executed or oath in lieu thereof taken, . . . although the term may continue longer." There is nothing in any of the subsequent cases dealing with the statute in conflict with this early construction of the statute.

Plaintiffs in error cite *Citizens Bank & Trust Co.* v. *Bayless,* 153 Tenn., 40; *Shaw* v. *Shaw,* 152 Tenn., 360; *Hitchcock* v. *State,* 145 Tenn., 626; and *State* v. *Dalton,* 109 Tenn., 544. The argument made is that in each of these cases, decided after the enactment of the statute of 1885, the statement was made without qualification that all judgments and decrees of a trial court remain within the control of the court until the expiration of the term.

In each of these cases the point of decision was that the control of the trial courts over their final judgments and decrees end with the adjournment of the term; and in each case this court was dealing with an effort made by a trial court to set aside or alter a judgment entered at a preceding term. In dealing with that proposition, it would, perhaps, have been more accurate if the court had said that such power over a final judgment continues in a trial court until the end of the term, unless the term should extend longer than thirty days from the date of the judgment. But since the point under consideration was that in any event the power expired at the end of

the term, this qualification of the language used was hardly necessary.

The order of May 8, 1928, in the cases before us, was a final judgment from which an appeal might have been prayed and granted to this court. Upon the expiration of thirty days, without the entry of any motion or order affecting it, the trial court was without power to alter it or set it aside.

The judgment of the circuit court is accordingly affirmed.