# STANDARD OIL CO. OF NEW JERSEY v.
## NARAMORE (two cases).—207 S. W. (2d) 7.

Middle Section. August 30, 1947.

Petition for Certiorari denied by Supreme Court, December 8, 1947.

Whitaker, Hall, Haynes & Allison, of Chattanooga, for plaintiff in error.

A. F. Sloan, of South Pittsburg, for Padgett, et al.

A. A. Kelly, of South Pittsburg, for defendants in error.

HICKERSON, J. Bessie Naramore brought her suit against Standard Oil Company of New Jersey, R. A. Padgett, J. D. Padgett, and Charlie Atnip to recover damages for personal injuries which she alleged she received as a result of the actionable negligence of defendants.

R. M. Naramore, husband of Bessie Naramore, brought his suit against the same defendants to recover the damage which he sustained as a result of his wife's injuries.

Issues were made by the pleadings, and the case went to trial by judge and jury.

The jury returned verdicts in favor of plaintiffs, and judgments were entered thereon.

R. A. Padgett, J. D. Padgett, and Charlie Atnip filed a joint motion for new trial.

Standard Oil Company of New Jersey filed a separate motion for new trial.

Plaintiffs filed a motion to strike the motion for new trial which was filed by Standard Oil Company on the ground that it was filed too late.

Standard Oil Company filed a motion to change the filing date of its motion for new trial from July 16, 1946, to July 19, 1946.

The court overruled the motion of Standard Oil Company to change the filing date of its motion for new trial; but sustained the motion of plaintiffs to strike, and the motion for new trial of Standard Oil Company was accordingly stricken.

Thereupon, Standard Oil Company filed a second motion for new trial based upon the grounds: (a) The court erred in overruling its motion to change the filing date of its motion for new trial; (b) the court erred in striking its motion for new trial; and (c) the court erred in refusing to consider its first motion for new trial and to sustain the grounds thereof.

This second motion for new trial of Standard Oil Company was overruled by the court, and that defendant has brought the case to this court to review the judgments against it.

Reference will be made to the parties according to their status in the lower court; that is, Bessie Naramore and R. M. Naramore will be referred to as plaintiffs and Standard Oil Company will be referred to as defendant.

There are two determinative questions presented by defendant's assignments of error:

1. Did the trial court err in refusing to change the filingdate of defendant's motion for new trial from July 16, 1946, to July 19, 1946?

2. Did the trial court err in striking the motion for new trial of defendant?

There is no dispute about the facts which relate to these two questions.

The time fixed by statute for holding the regular term of the circuit court of Marion County is: "First Monday in February, June and October." Code Section 159. This case was tried at the regular June term of the circuit court of Marion County on June 17, 18, and 19, 1946; and judgments were entered on the verdicts on June 19, 1946. These judgments provide:

"And thereupon came attorneys for all defendants and gave notice of intention to file motion for a new trial on behalf of all defendants in this case and upon motion were allowed by the court thirty (30) days from the date of entry of this order within which to file the same." This order does not purport to extend the term, but only to grant thirty days from the entry of the judgment within which to file a motion for new trial.

On July 5, 1946, during the trial term, a general adjourning order was entered on the minutes, as follows:

"Whereupon, court adjourned until nine A. M. July 13, 1946.

On July 13, 1946 a general adjourning order was entered on the minutes, as follows: ·

"Whereupon, court adjourned until nine A. M. July 19, 1946."

On July 19, 1946, a general adjourning order was entered on the minutes, as follows:

"Whereupon, court adjourned until nine A. M. July 20, 1946."

On July 16, 1946, Standard Oil Company filed its motion for new trial.

Grundy County and Marion County are in the same judicial circuit. Code Section 159.

The regular terms of the circuit court of Grundy County are: "Grundy County—at Altamont—First Mondays in March and November and second Monday in July; at Tracy City—Third Mondays in July and November, second Monday in March." Code Section 159.

The second Monday in July, 1946, was July 8, 1946; and the third Monday in July, 1946, was July 15, 1946.

The circuit judge of the Eighteenth Judicial Circuit convened and held his regular terms of court in Grundy County on July 8, 1946, at Altamont and on July 15, 1946, at Tracy City.

1. Defendant assigns as error that the trial court refused to change the filing date of its motion for new trial from July 16, 1946, to July 19, 1946, upon its motion so to do.

The motion for new trial was actually received by the clerk of the court on July 16, 1946, and marked filed by him the same day. The minutes of the court were not opened on July 16, 1946, as there was no business of the court to transact on that day; but, as stated, the court was adjourned from July 13, 1946, to July 19, 1946.

 The court properly refused to change the filing date of defendant's motion for new trial. If a motion for new trial is otherwise properly and timely filed, the movant is not prejudiced by the fact that it was not filed on a day when the court was transacting its business in open session. Timely filing of the motion by the clerk on a day when the court is not in open session is sufficient. The motion for a new trial is a pleading in the case and can be filed by the clerk at any time it is presented to him just like a declaration or any other pleading; that is, when the court is in open session, or on a day when court is not in open session. Dickson v. Stephens, 20 Tenn. App. 195, 96 S. W. (2d) 201; Overton v. State, 165 Tenn. 575, 56 S. W. (2d) 740. As the law now stands, a minute entry of the filing of the motion is not necessary. Chapter 20, Public Acts of Tennessee 1945.

The correctness of the foregoing conclusion is conceded by plaintiffs in their brief in this court. They state:

''The record shows that attorneys for defendant forwarded the first motion for new trial to the clerk by letter of July 15, with direction to file same. The clerk filed the same upon receipt thereof on July 16, 1946. It is insisted that the clerk should have held the motion without filing it until such a day as the court was again in session. The court does not have to be in session or the minutes thereof open to permit the clerk legally and validly to file a motion for a new trial. A minute entry of the motion is no longer required, and neither is it necessary that the motion for new trial be copied into the bill of exceptions. The mere filing of a motion and action thereon by the court is now sufficient. Williams Tennessee Code, Section 8985 (Ch. 20, Acts of 1945).''

2. Did the trial judge commit error when he struck defendant's motion for new trial?

█ Unless some step is taken to arrest or suspend it, a trial court loses control over its judgment at the expiration of thirty days from its entry, or at the end of the term if the term ends before the thirty days expire. Code Section 9047, 9048 ;McCanless v. State, 181 Tenn. 308, 181 S. W. (2d) 154, 153 A. L. R. 832; Shipley v. Barnett, 161 Tenn. 437, 32 S. W. (2d) 1022.

█ A motion for new trial, which is seasonably filed, suspends the judgment until the court disposes of the motion. Payne v. Insurance Company, 173 Tenn. 659, 122 S. W. (2d) 431; Cochran v. Insurance Company, 167 Tenn. 95, 66 S. W. (2d) 996; Life and Casualty Insurance Company v. Baber, 166 Tenn. 10, 57 S. W. (2d) 791.

█ A motion for new trial must be filed within the term or a duly authorized extension thereof and within thirty days from the entry of the judgment if the term runs more than thirty days after the judgment is entered. Liner v. Jenkins, 170 Tenn. 1, 91 S. W. (2d) 289; Mitchell v. Porter, 26 Tenn. App. 498, 173 S. W. (2d) 443.

█ The trial judge may prescribe, by reasonable rule of court, the time within which a motion for new trial must be filed; but he has no authority to extend the time for filing such motion beyond the term or the duly authorized extension thereof. Thompson v. Hawes, 25 Tenn. App. 581, 162 S. W. (2d) 71.

█ A term of court ends when the trial judge enters an adjournment order to court in course. The term ends by operation of law: (a) When court convenes in regular session in another county of the same circuit pursuant to statute; or, (b) when the same court convenes in regular session in the same county (succeeding term) pursuant

to statute. State ex rel. v. Mayo, 157 Tenn. 339, 8 S. W. (2d) 477, a chancery case; Buchannon v. State, 177 Tenn. 140, 146 S. W. (2d) 952, a law case which cites the Mayo case and holds same rule applies in law as in chancery.

There are statutory provisions. for extending a term of court when a case on trial is undetermined:

Code Section 10311: "Trial commenced.—But in no case, after the trial of a cause is commenced, shall the judge adjourn the court until the cause is tried, except in cases where the jury cannot agree, or, from some other cause, a mistrial is ordered."

Code Section 10312: "Term extended and continued for disposition of pending suit.—When any case, on trial by court or jury, is undetermined at the time the term at which it is pending expires, on account of time, and on account of the arrival of the succeeding term, the term shall be extended and continued into such succeeding term for all the purposes of trying, disposing of, and returning verdict and rendering judgment in such case, the same as if such new term had not arrived. And the jury trying such case shall not be discharged because of the expiration of the term."

██ Code Section 10312 was amended by Chapter 48, Acts of 1947 so as to enlarge the powers of the trial judge; but the amendment has no application here because it was enacted subsequent to the final judgment in the lower court in the instant case.

Code Section 10312 was construed in relation to the filing of a motion for new trial in Mitchell v. Porter, supra. The judgment in question in that case was entered on Saturday. The regular term of the same court was scheduled to convene the following Monday morn-

ing, pursuant to statute. This court held in that situation that Code Section 10312 provided the only authority for an extension of the trial term beyond the succeeding regular term, so the motion for new trial could be filed during such extension. Neither the factual situation nor the order of the court justified the conclusion that the term had been lawfully extended, and we so held.

In striking defendant's motion for new trial, the circuit judge stated:

"The court is of the opinion that Sections 9937 and 9939 have no application to the situation in which the court finds itself with unfinished trials and the intervention of another term which would adjourn its term by operation of law. In such a situation the court is of the opinion that the Code Section 10312 furnishes the only authority for continuing the hearing or extending the term beyond its discontinuance by law.

"It results that the motion to strike the motion for a new trial must be sustained."

If the trial court is correct in his conclusion that, "Code Section 10312 furnishes the only authority for continuing the hearing or extending the term beyond its discontinuance by law," *under the facts of the instant case,* we would agree with him that the motion for new trial came too late.

 The facts here presented do not justify the extension of the term under the power granted under Code Section 10312.

First, there were eighteen days within which the motion for new trial could have been filed before the term expired by operation of law. Therefore, it could not be said with any degree of accuracy that the case was "undetermined," and that the motion for new trial could not

not be filed before the term expired by operation of law "on account of time," or for lack of time.

■ Second, the general orders of adjournment entered on July 5, July 13, and July 19 were insufficient to extend the June term of the circuit court of Marion County under Code Section 10312 as that statute was construed by this court in Mitchell v. Porter.

■Third, there was no attempt by defendant to extend the term under the provisions of Code Section 10312, because no order was made in the case on trial which even purported to extend the term; and such order would have been necessary in the particular case before the term would have been extended under that statute.

If the motion for new trial were timely filed, it was because the term was extended under the provisions of Code Sections 9937, 9939, and 9945.5.

Code Section 9937: "Judges holding circuit or criminal courts may appoint an adjourned term subsequent to any court in the circuit.—Any judge, when holding any regular term of the circuit or criminal court and the business of such court requires it, may adjourn such court and hold an adjourned term at a time during or following the expiration of the time allowed by law for holding such regular term and subsequent to a time or times fixed by law for the holding of the circuit or criminal court by said judge in some other county or counties in the same judicial circuit with the county in which such adjourned term of the court is to be held. (1905, ch. 113, Sec. 1.)"

Code Section 9939: "Regular and adjourned terms constitute but one term; validity of proceedings.—All proceedings of said court, at the regular and adjourned

terms of the court, herein provided for, shall be valid and legal and have the same force and effect as if all done at the regular term and no time has intervened between the terms, and the two terms shall be and constitute but one term. (Ib., ch. 113, Sec. 3.)''

Code Section 9945.5: ''Judges may adjourn regular, adjourned or special terms.—Any judge, when holding any regular, adjourned or special term of the circuit or criminal court and the business of such court requires it, may adjourn such court and hold an adjourned term or terms at a time during or following the expiration of the time allowed by law for holding such regular term and during or subsequent to a time or times fixed by law for the holding of the circuit or criminal court by said judge in some other county or counties in the same judicial circuit with the county in which such adjourned term or terms of the court is to be held.

''All proceedings of such circuit or criminal court, at the regular, adjourned and special terms of the court, herein provided for, shall be valid and legal and have the same force and effect as if all done at the regular term and no time had intervened between the terms, and the two or more terms shall be and constitute but one term. (1943, ch. 7, Sec. 1, 2.)''

■ These are the only statutes which provide for adjourned terms of court in law cases. Such adjourned terms may be ordered by ''any judge'' when ''the business of the court requires it.'' *All the business of the court* may be transacted at the adjourned term, not just the business of the particular case on trial, for which provision is made in Code Section 10312.

■ Adjourned terms are authorized by these statutes to be held during or subsequent to a time or times fixed

by law for holding a regular term of court *"in some other county or counties* in the same judicial circuit with the county in which such adjourned term [or terms] of the court is to be held." There is no provision in these statutes for holding the adjourned term beyond the time fixed by law for holding the next succeeding regular term of the same court in the same county. The reason for this difference between these statutes and Code Section 10312 is obvious. Since these statutes refer to all the business of the court, if such business cannot be transacted before the time fixed by law for the next regular term of the same court arrives, such general business of the court will be continued and transacted at the next regular term. On the contrary, if a case is actually on trial and "undetermined" when the next regular term of the same court arrives, it is necessary to extend the term into the next regular term of the same court so as to complete the trial actually in progress.; and Code Section 10312 provides the only authority for so doing.

We do not mean to hold that the trial judge, by order entered in a particular case, could not extend the term so as to complete the trial of a particular case, begun but not finished, beyond the time fixed by law for holding court in some other county or counties of the same judicial circuit. The method used for the extension of the term would determine the statute which would apply. If the order extending the term were made in a particular case, Code Section 10312 would apply; but, if a general order adjourning the court beyond the time fixed by law for holding court in some other county or counties were used to fix the date for holding the adjourned term, Code Sections 9937, 9939, and 9945.5 would apply. Code Section 9945.5 expressly provides that:

444

"The two or more terms shall be and constitute but one term."

■■ The adjourning orders on July 5, July 13, and July 19, were general orders adjourning the court to a day certain. It is our opinion that the trial term of the Marion County circuit court was extended by these general orders of adjournment under the express provisions of Code Section 9945.5 so as to make the term of the Marion County circuit court run from the First Monday in June, 1946, until July 20, 1946, just like that time had been fixed by the general statute (Code Section 159) as the regular term of that court. The statute (Code Section 9945.5) so provides; and it is our duty to enforce it.

Having that view, the motion for new trial of defendant was timely filed for it was filed within a duly authorized extension of the regular trial term which extension by the express words of the statute became a part of the regular term the same as if no time and no other courts had intervened.

It seems that the learned trial judge misconstrued Mitchell v. Porter, supra. Under the facts of that case (time fixed by law for the regular term of the same court had arrived) the only authority for extending the term, so as to complete the case on trial, was Code Section 10312. As stated, in the instant case an entirely different state of facts exist. *The general business of the court required the holding of an adjourned term or terms beyond the time fixed by statute for holding the regular terms of the court in another county of the same judicial circuit.* In this situation Code Section 10312 could not apply; but Code Section 9945.5 (which embodies Code Sections 9937 and 9939) does apply.

The conclusion which we have reached does not conflict with the decisions of the Supreme Court and of this Court.

In Dunn v. State, 127 Tenn. 267, 154 S. W. 969, the court held a motion for new trial must be made at the trial term.

State ex rel. Swink v. Mayo, 157 Tenn. 339, 8 S. W. (2d) 477, held a term expired when court convened in regular session in some other county of the same chancery division pursuant to statute; and that an adjournment beyond the time for holding court in such other county did not keep the term open. The Mayo case was a chancery proceeding, and at the time the decision was announced, there was no statute declaring the regular term and the adjourned term to be one term in chancery cases. Such statute was enacted in 1941, so the practice in chancery and at law is now the same. Code Sections 9945.1-9945.4.

In Bankers' Finance Corporation v. Locke and Massey Motor Company, 170 Tenn. 28, 91 S. W. (2d) 297, 298, the court said:

"A motion to strike the bill of exceptions because filed too late must be overruled. Motion for a new trial was overruled by the trial judge on January 18, 1935, and thirty days was granted for filing a bill of exceptions. The same day the court adjourned the regular January term over to February 11th. An order was entered on February 13th, as of February 11th, nunc pro tunc, granting an additional thirty days for the filing of the bill of exceptions. It was filed February 13th. This was in time. The fact relied on that a term of court for Giles county intervened between January 18th and February 11th is immaterial, in view of the express provi-

sions of chapter 113, Acts of 1905, Secs. 1, 3, Code 1932, Secs. 9937 and 9939, that judges of the circuit and criminal courts may adjourn their courts over to a time subsequent to that fixed by law for the holding of another Court in the same judicial circuit, and that the 'two terms shall be and constitute but one term.' In Mullen v. State, 164 Tenn. 523, 51 S. W. (2d) 497, Mr. Justice McKinney gave effect to this statute. State ex rel. Swink v. Mayo, 157 Tenn. 339, 8 S. W. (2d) 477, is not controlling, since that was a suit in chancery. Chancellors are governed by the Act of 1909, chapter 551, Code, Sec. 9940, et seq., which contains no provision that the two terms shall constitute but one. [Code Sections 9945.1-9945.4 had not been enacted when the decision in Bankers' Finance Corporation v. Locke & Massey Motor Company was announced.] This difference in the statutory provisions applicable to the circuit and criminal courts, on the one hand, and the chancery court, on the other, was apparently overlooked when the opinion was prepared in Southern Continental Telephone Co. v. Alley, 167 Tenn. 561, 72 S. W. (2d) 555. That was a circuit court proceeding, and the citation of State ex rel. Swink v. Mayo, supra, was therefore inept. It results that the circuit judge, acting within the same term, in legal effect, of his court, at which he had overruled the motion for a new trial, and had the power to change his original order and extend the time. Bieler v. State, 158 Tenn. 404, 14 S. W. (2d) 51.''

Code Sections 9937, 9939, and 9945.5 are procedural statutes. They must be liberally construed so as to give effect to the legislative intent, Stiner v. Powells Valley Hdwe. Company, 168 Tenn. 99, 75 S. W. (2d) 406; and so as to preserve the essentials of harmony and

consistency in the judicial system, Long v. Alder, 169 Tenn. 422, 88 S. W. (2d) 802, 102 A. L. R. 433.

█ A doubt in regard to the right to be heard on the merits in the appellate court should be resolved in favor of the right. Bozeman v. Naff, 155 Tenn. 121, 290 S. W. 981.

█ There is no doubt about the intention of the legislature as reflected in these procedural statutes. It was intended to make the chancery practice in regard to adjourned terms (Code Sections 9945.1-9945.4) and the practice in the law courts uniform. Code Sections 9937, 9939, 9945.5.

Furthermore, the legislature clearly intended for the regular term and the adjourned term or terms to be one term just like no terms in other counties had intervened.

Code Sections 9937 and 9939 only authorize an adjourned term from a *regular term;* while Code Section 9945.5 authorizes an adjourned term from a *"regular, adjourned, or special term."* On the last day of the regular June term, 1946, which was July 5, 1946, the order of adjournment provided for an adjourned term on July 13, 1946. The order of adjournment on July 13, 1946, provided for another adjourned term on July 19, 1946; and the order of adjournment on July 19, 1946, provided for another adjourned term on July 20, 1946. The instant case was on the docket and a part of the general business of the court during this regular term and the adjourned terms. Any step therein which had to be taken at the regular term could be taken at the adjourned terms.

Restated, it is our conclusion that the regular term of the circuit court of Marion County and the adjourned terms in question were, under the statutes, one term.

Wherefore, in legal effect, the motion for new trial of defendant was filed within thirty days from the entry of the judgment and within the term at which the judgment was entered. It was filed in time.

The result is that the trial court committed reversible error when he struck defendant's motion for new trial and refused to consider it; so defendant's first assignment of error is sustained.

3. What shall be the judgment in this court?

The jurisdiction of the Court of Appeals is appellate only. Code Section 10618.

A court, which has only appellate jurisdiction, has no power to act on a motion for new trial until the trial court has acted on it. This court reviews the judgment of the trial court in disposing of the grounds of the motion for new trial, and not the grounds themselves, originally, before they are passed upon by the trial judge. Code Section 8986; Cumberland Telephone Company v. Smithwick, 112 Tenn. 463, 79 S. W. 803; Memphis Street Railway Company v. Johnson, 114 Tenn. 632, 88 S. W. 169; Louisville & N. R. Company v. Ray, 124 Tenn. 16, 134 S. W. 858, Ann. Cas. 1912D, 910; Carter v. Pickwick Greyhound Lines, 166 Tenn. 200, 60 S. W. (2d) 421; State v. Kenner, 172 Tenn. 34, 109 S. W. (2d) 95; Rule 11(5) of the Court of Appeals.

The circuit judge did not consider and pass upon the grounds of defendant's first motion for new trial. Of course, we cannot review his action on the motion for new trial until he has entered a judgment disposing of the motion.

Assignments two to fourteen inclusive are overruled.

The judgment of the lower court is reversed. The cause is remanded to the circuit court of Marion County

with instructions to that court to consider and determine the motion for a new trial of Standard Oil Company filed on July 16, 1946; and such other steps will be taken in the case as to the trial court may seem proper.

The costs of the appeal are adjudged against plaintiffs below, defendants-in-error here. All costs in the trial court will be adjudged by the circuit judge when the final judgment is entered in that court.

Felts and Howell, JJ., concur.