246 S.W.2d 68 (1951)
KOEHN et al.
v.
HOOPER.
Supreme Court of Tennessee.
Rehearing Denied February 9, 1952.
Thomas O.H. Smith, Nashville, for plaintiffs in error.
Dan E. McGugin, Jr., Nashville, for defendant in error.
GAILOR, Justice.
This petition for certiorari presents two questions, namely: (1) Did the Trial Judge and the Court of Appeals err in refusing a remittitur on account of the excessive amount of the verdict? (2) Did the Court of Appeals err in refusing to consider the propriety of the action of the Trial Judge in refusing certain special requests?
The two lower Courts have agreed on all points of law and fact. In the Circuit Court of Davidson County, Plaintiff recovered a verdict for $15,000 for the wrongful death of her eight-year-old daughter, who was killed as she was leaving school in Nashville, as a proximate result of the negligence of Mrs. Koehn, who was driving her husband's automobile at the time. According to the Plaintiff's evidence, which was accepted by the jury, at a speed of 25 or 30 miles an hour, Mrs. Koehn drove her automobile through a crowd of two or three hundred people, many of whom were school children who had collected because of a previous *69 automobile accident in which one of the school children had been injured. The question here is simply,  was the value of $15,000 placed by the jury on the life of a normal, healthy eight-year-old girl, excessive?
On the motion for a new trial it was argued that the amount of $15,000 was excessive and resulted from prejudice, passion and caprice on the part of the jury. The same argument was made at length in the Court of Appeals, and cases were introduced both from Tennessee and in other jurisdictions where lesser verdicts had been awarded for wrongful death of similar victims. We find no reported case from this Court, since the Court of Appeals was created, in which, when the Trial Judge and the Court of Appeals have concurred in granting or refusing a remittitur, that this Court has interfered with their judgment. The reported cases all present cases where the lower Courts have differed, and where it became necessary for this Court to decide the issue between the two lower Courts. The amount of the verdict being a question of fact which is normally determined by the jury, the concurrence of the two lower Courts forecloses the issue, and if the concurrent finding is supported by material evidence, it will not be disturbed. Wolfe v. Vaughn, 177 Tenn. 678, 152 S.W.2d 631; Reeves v. Catignani, 157 Tenn. 173, 7 S.W.2d 38.
The second question is presented by the insistence that the Court of Appeals erred in refusing to consider the propriety of the action of the Trial Judge in refusing certain special requests. The special requests are not incorporated in the bill of exceptions, nor does it appear in the bill of exceptions that the special requests were refused by the Trial Judge. The special requests are incorporated in the motion for a new trial, but that is a mere pleading and does not take the place of a bill of exceptions. Sherman v. State, 125 Tenn. 19, 140 S.W. 209; Wynn v. State, 181 Tenn. 325, 331, 181 S.W.2d 332.
Writ denied.
All concur.

On Petition to Rehear
Petition to rehear has been filed in this case in which it is complained that we denied the petition for certiorari. Petitioners alleged in the motion for a new trial that was overruled by the Trial Court, that at the conclusion of the charge, they had made certain special requests which the Trial Judge had refused to grant. These special requests and the action of the Trial Judge thereon, were not incorporated in the bill of exceptions, and there is nothing in the bill of exceptions to show that these special requests were in fact, ever presented, or that the Trial Judge refused them. It is, however, insisted by the Petitioners that by a proper construction of Chapter 20, Public Acts of 1945, which is the last sentence of Section 8985 of the Code, it is no longer necessary to copy such special requests in the bill of exceptions, but their presentation in the motion for a new trial, is all that the law requires to make them a part of the record on appeal.
To refute this insistence, all that is necessary is to quote with approval, the last edition of Caruthers' History of a Lawsuit, which considers the Act of 1945, and states the present rule of practice to be: "A motion for a new trial is a pleading, and is not evidence of what occurred on the trial. (Citing: Sherman v. State, 125 Tenn. 19 [140 S.W. 209]; Richmond & Co. v. Carter, 133 Tenn. 489 [182 S.W. 240]; [Tennessee Cent.] Railroad v. Vanhoy, 143 Tenn. 312 [226 S.W. 225]; Wynn v. State, 181 Tenn. 325 [181 S.W.2d 332]; Broestler v. State, 186 Tenn. 523 [212 S.W.2d 366]; Standard Oil Co. v. Naramore, 30 Tenn. App. 430 [207 S.W.2d 7]). A motion for a new trial which appears to have been filed or acted upon in the trial court becomes a part of the record without the necessity of spreading it on the minutes or incorporating it in the bill of exceptions. (Citing: Supp. Code, Sec. 8820; Standard Oil Co. v. Naramore, 30 Tenn. App. 430 [207 S.W.2d 7].) The statute, Ch. 20, Public Acts, 1945, in effect makes the motion for a new trial part of the technical record. (Citing: Railroad v. Egerton, 98 Tenn. 541 [41 S.W. 1035]; [Acme] Box Co. v. Gregory, *70 119 Tenn. 537 [105 S.W. 350]; Chattanooga, etc., Co. v. Hanssard, 143 Tenn. 553 [226 S.W. 1045])." (Our emphasis.) Caruthers' History of a Lawsuit, 7th ed., Section 421, p. 459.
Petition to rehear denied.
All concur.