IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
On-Brief February 23, 2004

## ANNA (RUTHERFORD) PEYCHEK v. DONALD LEWIS RUTHERFORD

**A Direct Appeal from the Juvenile Court for Shelby County**
**No. B1532     The Honorable Kenneth Turner, Judge**

_____

### No. W2003-01805-COA-R3-JV - Filed June 8, 2004

_____

Appellant filed petition seeking credit against child support arrearage for necessaries provided to minor children. The trial court granted Appellant $10,236.50 in credit toward his support arrearage. Appellant appeals asserting that the trial court erred in giving a percentage of necessaries provided. Finding that the Appellant did not meet his burden of proof in his claim for necessaries and that the evidence in record preponderates against the trial court's findings, we reverse in part, affirm in part and remand.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Reversed in Part, Affirmed in Part and Remanded**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

Jefferson D. Gilder of Southaven, Mississippi for Appellant, Donald Lewis Rutherford

William Neal Small of Memphis for Appellee, Anna (Rutherford) Peychek

**OPINION**

Anna Rutherford Peychek ("Peychek," "Plaintiff," or "Appellee") and Donald Lewis Rutherford ("Rutherford," "Defendant," or "Appellant") were divorced on September 17, 1990 by decree of the circuit court of Shelby County. The Final Decree incorporated, by reference, a marital dissolution agreement ("MDA") granting Peychek primary residential custody of the parties' two minor children, B.D.R. (d.o.b. 5/30/81) and M.J.R. (d.o.b. 11/12/83). Rutherford was ordered to pay Peychek $620 per month in child support, and to continue to carry the children on his hospitalization policy through his employer, Northwest Airlines. On October 19, 1990, the Final Decree of Divorce was amended to include a provision requiring Rutherford to pay his child support arrearage, which totaled $4,975.00 at that time, in monthly payroll deductions of $155.

On January 18, 1991, Rutherford's employment with Northwest Airlines was terminated, and he remained unemployed from January 18, 1991 until March 18, 1991. On March 18, 1991, he secured a job with Memphis Parcel Delivery as a courier.

On or about February 13, 1991, notice was sent to the clerk of the circuit court that the juvenile court had assumed child support jurisdiction. On February 27, 1991, Peychek filed a "Petition for Child Support" in the juvenile court. On April 24, 1991, Rutherford filed a "Counterpetition to Modify Child Support." These petitions were heard by the juvenile court referee, and his Findings and Recommendations were signed on May 23, 1991. On May 28, 1991, Peychek requested a hearing before the juvenile judge. The request was granted and, after an evidentiary hearing, the court entered an Order on September 19, 1991 which assessed the arrearage at $5,223.36 and required Rutherford to pay support in the amount of $210.00 monthly.

Subsequently, Peychek filed a "Petition for Citation for Contempt of Court" and, after an evidentiary hearing on September 3, 1992, the referee sustained the allegations of contempt and ordered that all future payments, including the arrearage of $4,874.78 at that time, be made by income assignment. An "Income Assignment Order" was signed on September 23, 1992.

On May 13, 1996, Peychek filed a "Motion to Modify Order," seeking an upward modification of child support based upon Rutherford's income at that time. After an evidentiary hearing on July 1, 1996, Rutherford's child support obligation was increased from $210.00 monthly to $603.75 monthly.

On October 29, 2002, Rutherford filed a "Petition for Credit Against Child Support Arrearages," which reads, in relevant part, as follows:

> 5. That on the 4th of February, 1998 this court entered a Consent Order Modifying Custody. [Peychek] retained custody of [M.J.R.] and [Rutherford] was granted custody of [B.D.R.].[1]
>
> 6. [Rutherford] would show the parties' minor children, namely: [M.J.R.], date of birth November 12, 1983, has resided with [Rutherford] since October 2001 while continuing to complete her senior year in high school which was not completed until May 2002.
>
> 7. [Rutherford] has paid for all school clothes, supplies, medical expenses and all other expenses for the aforesaid minor child since she has resided with him without being reimbursed.
>
> 8. That [Rutherford] should receive credit against any child support arrearage held against him for the following reasons:

---

[1] The Consent Order is not part of the record on appeal.

a) [Rutherford] has purchased and paid for a vehicle for the minor child at the request of and with the consent of [Peychek] so that [Peychek] would not have to transport [M.J.R.];

b) [Rutherford] should be credited for child support which should have been paid to him and for providing sole support while the minor child, [B.D.R.], resided in his household from May, 1997 until May, 1999 when [B.D.R.] turned eighteen years old and graduated from high school;

c) [Rutherford] should be credited for child support which should have been paid to him since the minor child, [M.J.R], has resided with him since October, 2001;

d) [Rutherford] should receive credit for his income tax returns from tax years 1998 and 1999;

e) [Rutherford] should receive credit for payments for credit cards for gas, maintenance and repairs for [M.J.R.'s] car, for clothing, etc.

f) [Rutherford] should receive credit for payment of several medical bills for [M.J.R.].

The matter was heard on May 7, 2003 and Rutherford was given credit against his arrearage in the amount of $10,236.50. The matter was continued until June 11, 2003 to compute interest on the arrearage. On June 11, 2003 the trial court found the arrearage amount, as of May 1, 2003, to be $26,319.71.

Rutherford appeals and raises three issues for review as stated in his brief:

I. Did the trial court err in giving a credit of only 50% of the child support arrearage for the period of time while [B.D.R.] was living with him, despite the amount of necessaries provided by Mr. Rutherford exceeding the $575.00 per month in support ordered for those months, because one child, [M.J.R.], continued to reside with Anna Rutherford Peychek?

II. Was it error for the Judge to find that $2,558.00 for school clothes were not necessaries when there was no argument raised by Mrs. Rutherford Peychek that she was providing school clothes for [M.J.R.]?

III. Was it error for the trial Judge to find that the payments for the auto and maintenance thereon by Mr. Rutherford for the vehicle used by his daughter, [M.J.R.], which was titled in the name of Anna Rutherford Peychek, were not credited against arrearages as necessities and/or payments of child support?

Peychek raises the following additional issues for review as stated in her brief:

I. Did the unconsciontious [sic] and disrespectful conduct of the Appellant rise to the level to justify an estoppel to prevent him from obtaining relief in post-trial proceedings?

II. Can Appellant seek relief where he did not object to the proceedings and how the court conducted them and where he did not make efforts to preserve an adequate record?

III. Did the court err in allowing the Appellant to proceed after emancipation of both children?

IV. Did the trial court err in allowing Appellant to proceed in the hearing on May 7, 2003 in view of his failure to abide by prior orders of the court?

V. Did the trial court err in giving credit for alleged payments made directly to Appellee?

VI. Did the trial court err in granting any credits to Appellant on the presentation of the cause?

We first address Appellee's concern that Rutherford's action/inaction in this case precludes him from seeking relief. Peychek first asserts that Rutherford's absence from the June 11, 2003 hearing should estop him from obtaining relief in this matter. Peychek cites to this Court's opinion in *Couillard v. Couillard*, 2002 WL 1446669 (Tenn. Ct. App. July 3, 2002) in support of her contention. In *Couillard*, the plaintiff/father, after failing to appear at a hearing concerning his child support obligation, filed a Tenn. R. Civ. P. 60.02 Motion to Set Aside. In the instant case, Rutherford is not seeking to set aside the entire Judgment of the trial court; rather, he is seeking review of the trial court's findings contained therein. Rutherford's presence at the hearing is not germane to a review of the trial court's decision in this matter.

Peychek also asserts that the trial court erred in allowing Rutherford to proceed after the emancipation of both children. Rutherford seeks recovery for payment of necessaries provided to the minor children. Such lawsuits sound in contract and must be commenced within six years after the necessaries were provided. *Foster v. Adcock*, 161 Tenn. 217, 220, 30 S.W.2d 239, 240 (Tenn.

1930); T.C.A. § 28-3-109(a)(3) (2001). B.D.R. lived with Rutherford from May of 1997 until his emancipation in May 1999; M.J.R. lived with Rutherford from October 2001 until her graduation in May 2002. Rutherford seeks credit for necessaries purchased during these time periods and his filing for such credit on October 29, 2002 is within the relevant statute of limitations.

Peychek also cites Rutherford's failure to abide by prior orders of the court as grounds for denial of relief. Again, Rutherford is seeking credit against his child support arrearage for necessaries and not a modification of the support obligation per se. The necessaries rule does not violate T.C.A. § 36-5-101(a)(5)[2]–the statute that forbids the retroactive modification of child support awards. In *Benson v. Benson*, 1996 WL 284731, at *2 (Tenn. Ct. App. May 31, 1996), this Court addressed the issue of the necessaries rule in relation to T.C.A. § 36-5-101(a)(5) as follows:

> One objection to this [necessaries] rule is that allowing credits to parents who have defaulted on their child support obligations violates Tennessee Code Annotated section 36-5-101(a)(5). *Despite this objection, the courts have held that giving parents a credit against their child support arrearages does not violate this code section.* **Hartley**, 1995 WL 296202, at *3; **Netherton v. Netherton**, No. 01-A-01-9208-PB00323, 1993 WL 49556, at *2 (Tenn. App. 26 Feb. 1993); **Sutton v. Sutton**, No. 180, 1991 WL 16234, at *1 (Tenn. App. 12 Feb. 1991). Specifically, this court has acknowledged that the statute prohibits retroactive modifications of child support payments. *As for credits, however, this court has held that they are not modifications. Instead, the credit recognizes that the obligor parent provided the support the court ordered in the first place.* **Netherton**, 1993 WL 49556, at *2.

*Id*. (emphasis added).

_____

[2] T.C.A. § 36-5-101(a)(5) (Supp. 2001) reads, in relevant part, as follows:

> Any order for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state and shall be entitled to full faith and credit in this state and in any other state. Such judgment *shall not be subject to modification as to any time period or any amounts due prior to the date that an action for modification is filed and notice of the action has been mailed to the last known address of the opposing parties*. If the full amount of child support is not paid by the date upon which the ordered support is due, the unpaid amount is in arrears and shall become a judgment for the unpaid amounts and shall accrue interest from the date of the arrearage at the rate of twelve percent (12%) per annum. All interest which accumulates on arrearages shall be considered child support....

*Id*. (emphasis added).

Because he seeks credit on and not modification of his support obligation, Rutherford is not barred from recovery because he fell into arrears on his support since the nature of a credit "recognizes that the obligor parent provided the support the court ordered in the first place." *Netherton v. Netherton*, 1993 WL 49556 (Tenn. Ct. App. Feb. 26, 1993). We now turn to those issues concerning whether, and to what extent, Rutherford is entitled to credit for necessaries.

With respect to the "forgiveness of arrearages," it is well settled that non-custodial parents may be given credit against their child support obligation for payments made on behalf of their children if such payments are for necessaries that the custodial parent either failed to provide or refused to provide. *Brownyard v. Brownyard*, 1999 WL 418352 (Tenn. Ct. App. June 22, 1999); *Hartley v. Thompson*, 1995 WL 296202 (Tenn. Ct. App. May 17, 1995); *Oliver v. Oczkowicz*, 1990 WL 64534 (Tenn. Ct. App. May 18, 1990). However, the credit for necessaries cannot exceed the amount of support due for the period during which the necessaries were furnished. W. Walton Garrett, Divorce, Alimony and Child Custody §14-8(8) (2001). The obligation to provide necessaries requires the provision of appropriate food, shelter, tuition, medical care, legal services, and funeral expenses as are needed. What items are appropriate and needed depends on the parent's ability to provide and this issue is to be determined by the trier of fact. *Id.* at §2-3(3). Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. *See* Tenn. R. App. P. 13(d).

In order to maintain a successful claim for necessaries, the plaintiff must prove: (1) that the child needed the particular goods or services that were provided, (2) that the defendant had a legal obligation to provide the goods or services, (3) that the defendant failed to provide the goods or services, and (4) the actual cost of these goods or services. *Hooper v. Moser*, 2003 WL 22401283, at *3 (Tenn. Ct. App. Oct. 22, 2003).

We have reviewed the entire record in this case and, applying the rules outlined *supra*, we find that Rutherford has not met his burden of proof in order to maintain a successful claim for necessaries. There is not sufficient evidence in the record before us from which we can conclude that the payments claimed by Rutherford were for necessaries that the custodial parent failed or refused to furnish. The evidence preponderates against the trial courts award of credit for necessaries.

We reverse the Order of the trial court allowing Rutherford credits on arrearages in the amount of $10,236.50 for necessaries. The order of the trial court is otherwise affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of the appeal are assessed against the Appellant, Donald Lewis Rutherford, and his surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.