ALLISON L. HITCHCOCK v. WILLIAM G. HOGAN AND WILLIAM LAUGHLIN.

*Bills and notes—Time for presentment—Holiday—Sunday.*

Promissory notes made after the passage of Act No. 185, Laws of 1893, and falling due on Saturday, are presentable for payment and payable on the next secular day or business day succeeding said Saturday, which is Monday, unless such succeeding Monday is a legal holiday, in which case they are payable on Tuesday; and notes maturing on Sunday are payable on Monday also.[1]

Case made from Wayne. (Gartner, J.) Submitted on briefs January 5, 1894. Decided February 20, 1894.

---

[1] As to the exclusion of Sunday from the computation of time when the last day falls on Sunday, see exhaustive note to *Brown v. Vailes*, 14 L. R. A. 120.

*Assumpsit.* Both parties assign error. Reversed, and judgment entered here for plaintiff for the amount of the note protested on Monday. The facts are stated in the opinion.

*Bowen, Douglas & Whiting,* for plaintiff.

*Cutcheon, Stellwagen & Fleming,* for defendant Hogan.

MONTGOMERY, J. This is an action against the indorser of two promissory notes,—one of $100, and one of $102.50, —each of which matured Sunday, October 8, 1893. The note for $100 was presented for payment and protested for non-payment on Saturday, October 7, and the other note was presented for payment and protested on Monday, October 9. The circuit judge gave judgment on the note protested on Saturday, and found against the plaintiff on the note which was presented for payment on Monday.

The case is brought to this Court to obtain a construction of Act No. 185, Laws of 1893. The provisions of the act material to the question presented are as follows:

"The first day of January, commonly called New Year's day; the twenty-second day of February, commonly called Washington's birthday; the thirtieth day of May, commonly called Decoration day; the fourth day of July; the first Monday of September, commonly called Labor day; the twenty-fifth day of December, commonly called Christmas day; every Saturday from twelve o'clock noon until twelve o'clock at night, which is hereby designated a half holiday, * * * shall for all purposes whatever, as regards the presenting for payment or acceptance, and of the protesting and giving notice of the dishonor, of bills of exchange, bank checks, and promissory notes made after this act shall take effect, also for the holding of courts, except as hereinafter provided, be treated and considered as the first day of the week, commonly called Sunday, and as public holidays or half holidays; and all such bills, checks, and notes otherwise presentable for acceptance or payment on any of the said days shall be deemed to be payable and presentable for acceptance or payment on the secular or business

day next succeeding such holiday or half holiday: *Provided,* that in construing this section, every Saturday, unless a whole holiday as aforesaid, shall, for the holding of court and the transaction of any business authorized by the laws of this State, be deemed a secular or business day: * * * *And provided further,* that nothing herein contained shall be construed to prevent * * * the transaction of any lawful business, except banking, on any of the Saturday afternoons herein designated as half holidays, nor to prevent any bank from keeping its doors open or transacting its business on any of the said Saturday afternoons, if by a vote of its directors it elects to do so."

The act is crude, and in some respects seemingly incongruous, and it is difficult to ascertain with certainty the legislative intent. Putting aside for the moment the two provisos, to which reference will be made hereafter, we find that every Saturday from 12 o'clock noon until 12 o'clock at night is declared to be, as regards the presentment of notes for payment, a half holiday. If this were the end of the provision, it would be doubtful whether it was not contemplated that the burden of presenting the note for payment during the forenoon of Saturday, which for all purposes remains a secular half day, would be imposed upon the holder. But this provision does not stand alone. It is succeeded by the further provision that all such bills, checks, and notes otherwise presentable for acceptance or payment on any of said days shall be deemed to be payable and presentable for acceptance or payment on the secular or business day next succeeding such holiday or *half holiday.* Unless one whose note is payable on Saturday is to be held to the duty of being prepared to make payment on either Saturday forenoon or on Monday, this provision plainly postpones the pay day until Monday. It would be a novelty in commercial transactions to establish two pay days. We think such a purpose cannot be inferred.

What construction is to be placed upon the proviso—

"That, in construing this section, every Saturday, unless a whole holiday as aforesaid, shall, for the holding of court and the transaction of any business authorized by the laws of this State, be deemed a secular or business day?"

If this proviso be so construed as to require the presentment of notes for payment on that day, it renders wholly nugatory the preceding provisions. Such a construction is never permissible if it can be avoided. End. Interp. Stat. § 185. We think the business which is referred to by this proviso which it shall be lawful to transact is business which is not specially inhibited by the preceding provision. Under this construction, the general language of the proviso performs an office, for, by the terms of section 2283e, 3 How. Stat., the business of liquor selling on any legal holiday is prohibited, and, but for this provision, sales on Saturday afternoon would be unlawful. The succeeding proviso that "nothing herein contained shall be construed * * * to prevent any bank from keeping its doors open or transacting its business on any of the said Saturday afternoons, if by a vote of its directors it elects to do so," is subject to similar considerations. While it is undoubted that the bank would have had this right without this proviso, it is better in accord with the rules for construing statutes to infer that the Legislature incorporated a provision which may be wholly unnecessary than so to construe the proviso as to render the enacting clause wholly nugatory. It follows that a note falling due on Saturday is, under the terms of this act, presentable for payment and payable on the next secular day or business day succeeding said Saturday, which is Monday, unless such succeeding Monday is a legal holiday, in which case, by the terms of section 2, such note is payable on Tuesday.

It remains to be considered whether notes which, by their terms, fall due on Sunday are presentable for payment on Saturday or Monday. If we are correct in the conclusions

heretofore stated, we think it necessarily follows that notes maturing on Sunday are payable on Monday also.  Prior to this enactment, bills and notes which by their terms matured on Sunday were presentable for acceptance or payment on Saturday, and by the terms of the act such as are otherwise (*i. e.*, but for the act) presentable for acceptance or payment on Saturday are thereafter payable on Monday.

The judgment will be reversed, and judgment entered in this Court for the amount of the note which was protested on Monday.

The other Justices concurred.