LONG *v.* ALDER.

*(Nashville,* December Term, 1935.)

Opinion filed Dec. 16, 1935.

CANTRELL, MEACHAM & MOON, of Chattanooga, for plaintiff in error.

GOINS & GAMMON, of Chattanooga, for defendant in error.

424

Mr. Special Justice Davis delivered the opinion of the Court.

Alder sued Mrs. Long as indorser on two notes for $1,000 each. The trial court rendered judgment in his favor for the face value of the notes, with interest and attorneys' fees as provided therein. The Court of Appeals affirmed the judgment of the trial court. Writ of *certiorari* has heretofore been granted and argument heard.

On April 13, 1931, W. J. McIsaac purchased from Mrs. Long a house and lot in Chattanooga, for which he executed to her three notes for $1,000 each, payable in one, two, and three years from date at the Hamilton National Bank, Chattanooga, Tennessee, and secured same by a deed of trust on the property. Each of the three notes contained the following acceleration clause: "It is expressly agreed that should this note and interest, or any part thereof, remain due and unpaid for thirty days after maturity, then the remaining notes given for purchase money on said real estate may be treated as due and payable."

It does not appear from the evidence what became of the first note, but the second and third notes were negotiated in due course, and for a valuable consideration, to Alder; Mrs. Long writing her name across the back of each note without waiving demand, notice, and protest.

The defense interposed by Mrs. Long to the first note was that notice of dishonor, as provided by the statute, was not given her. The trial court and the Court of Appeals concurred in finding that the first note was due on April 13, 1933, and that on that date, within business hours, the note was presented to McIsaac for payment;

that he did not pay same, whereupon it was protested and notice of its dishonor and protest mailed to Mrs. Long on that day. Under the statute mailing the notice is sufficient. Code, section 7429. While the proof upon the question of mailing the notice is meager, we think Mrs. Long had actual notice sufficient to enable her to pay said note, or prepare her defense to same, which is the reason for requiring notice (*Myers* v. *Bank of Tennessee*, 3 Head. [40 Tenn.], 330), and that the facts and circumstances appearing were sufficient to justify the other courts in concluding that the notice was mailed, notwithstanding Mrs. Long's denial that it was received.

The defense interposed to the second note was that it was presented prematurely for payment; the result being that Mrs. Long, as indorser, was thereby discharged. On May 13, 1933, Alder, under the acceleration clause of the first note, elected to declare the second note due and payable, thereby maturing it on that date. *Bank of Tennessee* v. *Alex Officer et al.*, 3 Baxt. (62 Tenn.), 173. May 13, 1933, fell on Saturday; hence, under section 7409 of the Code, the note was not due until Monday, May 15, 1933. That section of the Code is as follows:

"Every negotiable instrument is payable at the time fixed therein without grace. When the day of maturity falls upon Sunday, or a holiday, the instrument is payable on the next succeeding business day. Instruments falling due or becoming payable on Saturday are to be presented for payment on the next succeeding business day, except that instruments payable on demand may, at the option of the holder, be presented for payment before twelve o'clock noon on Saturday when that entire day is not a holiday."

"Instruments falling due on Saturday are to be presented for payment on the next succeeding business day, except that instruments payable on demand may, at the option of the holder, be presented for payment before twelve o'clock noon on Saturday when that entire day is not a holiday." 3 R. C. L., 1213.

As stated, the notes before us were not payable on demand.

Section 7394 of the Code provides that presentment for payment is necessary in order to charge the indorsers, while section 7395 provides that where the instrument is not payable on demand presentment must be made on the day it falls due. A presentment on the day before the note falls due is premature and insufficient to charge the indorser. 8 C. J., 533; *Bank of Tennessee* v. *Alex Officer et al., supra.*

In *Polk* v. *Spinks*, 5 Cold. (45 Tenn.), 431, 433, 98 Am. Dec., 426, this court considered the question of excuse which delayed presentment, and in the course of its opinion said: "The duty which the holder owes to the indorser, requires of the holder to give willing, earnest, active and real energy and effort to make presentment to the payor, at the proper time prescribed by law." This case was decided prior to the enactment of our Negotiable Instruments Law, which now prescribes the proper time for presentment.

And in *Garland* v. *West*, 9 Baxt. (68 Tenn.), 315, 318, this court said: "But the demand must be made at maturity, not afterwards, according to commercial usage, and upon this the liability of the endorser depends." It is also said in this opinion that "it is a part of the implied contract of the endorser, that his liability shall be fixed by a demand made on the day of maturity and notice

of non-payment.'' And it is held that a demand made the day after maturity would be too late. Of course, our statute now fixes the day on which the demand and presentment must be made of and to the maker, and if, as held in this case, the demand is too late when made the day after maturity, it follows also that it is premature if made a day or two days prior to maturity.

In *Case* v. *McKinnis*, 107 Or., 223, 213 P., 422, 32 A. L. R., 167, it was held that notice to a maker prior to maturity, reminding him of the date when the note is to fall due, is not such a presentment for payment as will furnish a basis for the indorser's liability.

It follows that under the plain provision of the statute this note was not due until May 15, while it was presented for payment on May 13. It is true that the parties fixed the due date as the 13th, but by operation of the statute it was extended to the 15th. This statute must be read into the agreement of the parties. *Bell* v. *First National Bank*, 115 U. S., 373, 6 S. Ct., 105, 29 L. Ed., 409. Upon the authorities cited herein, we are constrained to hold that as to this second note it was presented for payment prematurely, thereby discharging Mrs. Long.

The Court of Appeals construed the words ''are to be presented'' as directory rather than mandatory, thereby conferring upon the holder the option of presenting same for payment on either Saturday or the next succeeding business day, citing *Broens* v. *Bank & Trust Co.*, 5 Tenn. Civ. App., 39, 42. In that case the note fell due on Saturday and was presented for payment the following Monday, which the court held was the proper time. The court then said: ''But where Saturday, under the law of the jurisdiction, is only a half holiday, the paper may be presented for payment at the option of the holder before

twelve o'clock, noon, on Saturday.'' This statement was *dictum*, the court evidently overlooking at the time that the provision just referred to was limited to instruments payable on demand.

The authorities generally construe the statute providing that paper falling due on Sunday, or a holiday, shall be presented the next business day, as mandatory, and the provision as to paper maturing on Saturday comes within the same category. While the statute says such paper shall be presented on Monday, since section 7395 provides that it be presented on the day due, we think it clear that the Legislature intended that the due date of this character of paper should be extended to Monday, or the next succeeding business day, if Monday happens to be a holiday. The words ''are to be presented'' are used in the sense of ''shall'' rather than ''may.'' Such is the construction of the editor of Corpus Juris, vol. 8, p. 404, note 48 (a).

In 59 C. J., 1078, 1079, it is said: ''A statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others, and made with a view to the proper, orderly, and prompt conduct of business, is usually directory, unless the phraseology of the statute, or the nature of the act to be performed and the consequences of doing or failing to do it at such time, is such that the designation of time must be considered a limitation on the power of the officer.''

In the same volume, at page 1130, it is said: ''However, the rule of liberal construction does not justify the court in construing the language of the statute to mean something entirely different from its clear and obvious meaning, nor, by usurping the legislative prerogative, to write

therein that which is not there by express word or implication, nor to defeat the intention of the legislature. Procedural statutes should be given a construction, if possible, which will preserve the essentials of harmony and consistency in the judicial system.''

Due to the confusion on the subject of negotiable instruments and the irreconcilable conflict in the decisions with respect to a proper interpretation of the law merchant, the Uniform Negotiable Instruments Act was enacted in most of the states for the purpose of harmonizing the law and making certain that which was theretofore uncertain. 8 C. J., 47. We are unwilling to read into the statute something entirely different from its clear and obvious meaning.

For the reasons stated, the judgment of the Court of Appeals as to the first note will be affirmed, and as to the second note it will be reversed.

Mr. Justice McKinney, prior to his illness, worked over this record, collected some of the authorities relied upon, and arrived at the same conclusion we have expressed in this opinion.