## SCHRAM v. CHECKER SERVICE CORPORATION.

### Civ. A. No. 717.

District Court, E. D. Michigan, S. D.

Sept. 25, 1940.

Robert S. Marx and Norman P. Burau, both of Detroit, Mich., for plaintiff.

Edward N. Barnard, of Detroit, Mich., for defendant.

PICARD, District Judge.

### Findings of Facts.

The facts in the above entitled case are not disputed. Action is brought by the Receiver on three promissory notes, for two of which counsel admits there is no defense. It is the third note that is in dispute.

The Receiver instituted suit on February 27, 1939. It appears that the third note, the one in question, was dated, December 27, 1932, payable in sixty days thereafter or February 25, 1933, which came on Saturday. Plaintiff claims that under the laws of the State of Michigan, a note falling due on Saturday is payable on the next succeeding business day and since Sunday is not a business day, then this note was payable on Monday, February 27, 1933; that the note was dishonored for nonpayment on that day and that the plaintiff's cause of action, because of the breach, accrued on February 28, 1933. February 27, 1939 then was the last day upon which plaintiff could bring action without having it successfully opposed by the statute of limitations.

Defendant contends that plaintiff's cause of action for breach of nonpayment accrued on February 26th since the note became due February 25, 1933 and pleaded the statute of limitations.

Defendant has filed no brief, though requested to do so by the court on three different occasions.

### Conclusions of Law.

Section 13976, C.L. of the State of Michigan, 1929, provides: "All actions in any of the courts of this state shall be commenced within six (6) years next *after the causes of action* shall accrue, and not afterward." (Italics ours.)

In the case of Jocque v. McRae, 142 Mich. 370, 105 N.W. 874, the court states: "Promissory notes, etc., payable at a fixed time, may be sued upon only *after their maturity* as thus fixed, and until then the statute does not begin to run." (Italics ours.)

Further this case states: "The statute does not begin to run until the day after the day of payment."

It appears, therefore, that the last day of payment for this note was February 27, 1933 because of the following provision found in Section 9334, C.L. State of Michigan, 1929: "Every negotiable instrument is payable at the time fixed therein without grace. When the day of maturity falls upon Sunday or a holiday, the instrument is payable on the next succeeding business day. *Instruments falling due on Saturday are to be presented for payment on the next succeeding business day.*" (Italics ours.)

We find no merit to defendant's contention that the words in Section 9334, supra, "are to be presented for payment on the next succeeding business day" apply only to an endorser because if this were true, you would have one due and payable day for the maker and another applying to the endorser. Obviously it was not the intent of the Uniform Negotiable Instrument Law to confuse business operations—something that this would surely do.

We direct attention also to Section 9085, C.L. of the State of Michigan, 1929, which provides under Section 1: "The following days namely: * * * every Saturday from twelve (12) o'clock noon until twelve (12) o'clock at night, which is hereby designated a half holiday; * * * for all purposes whatever as regards the presenting for payment or acceptance, and the protesting and giving notice of the dishonor of bills of exchange, bank checks and promissory notes, made after this act shall take effect, also for the holding of courts, except as hereinafter provided, be treated and considered as the first (1st) day of the week, commonly called Sunday, and as public holidays or half holidays; and all such bills, checks and notes otherwise presentable for acceptance or payment on any of the said days shall be deemed to be payable and presentable for acceptance or payment on the secular or business day next succeeding such holiday or half holiday." and is relied upon by the plaintiff as interpreted by Hitchcock v. Hogan, 99 Mich. 124, 57 N.W. 1095.

We do not find it necessary to rely upon that case or that interpretation of the statute to decide for plaintiff, since in the Hitchcock case the note fell on Sunday—not on Saturday. The difference is that it is only from 12 noon of Saturday to 12 midnight that the rule of Sunday is applied and so the situation is not the same. In addition as pointed out, Section 9334, supra, was adopted after the Hitchcock case and specifically provides that when an instrument falls due on Saturday, it has the same effect as though it had fallen due on Sunday.

This we deem to decide the matter. The statute augments the previous provision. See Section 7409 of the Code of Tennessee; and Long v. Alder, 169 Tenn. 422, 88 S.W. 2d 802, 102 A.L.R. 433.

Judgment may be entered in accordance with this opinion.