Charles Edward HAYNES, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Nashville.

March 3, 1982.

Charles Edward Haynes pro se.

William M. Leech, Jr., Atty. Gen., J. Andrew Hoyal, II, Asst. Atty. Gen., Nashville, Elmer Davies, Dist. Atty. Gen., Franklin, for appellee.

## OPINION

DUNCAN, Judge.

The appellant, Charles Edward Haynes, has appealed the trial court's dismissal of his *pro se* post-conviction relief petition. The trial court did not appoint counsel to represent the appellant nor was an evidentiary hearing held.

In his inartfully drawn petition, the appellant refers to a prior guilty plea that was set aside by the trial court, and his petition and brief indicate that such plea was wrongfully set aside. A reference is made to three (3) cases that the trial court had previously disposed of on an order of *nolle prosequi*, and the appellant alleges that the State was allowed to proceed with prosecution on these cases after his guilty plea was set aside. The record is not clear but apparently the State procured new indictments on these particular cases. The appellant alleges in his petition that he was "forced to stand trial," and indicated that these renewed prosecutions were somehow tainted because of the proceedings involved at the time his prior conviction was set aside. Due to the inadequacy of the record, we cannot determine whether his ultimate convictions concerned the same case that was involved in his guilty plea, and even if so, whether his complaints involve any constitutional deprivations.

The appellant alleges in his petition a denial of "due process," denial of "effective counsel," "prosecutorial misconduct," denial of "equal protection" and other constitutional violations, but obviously he is unable as a layman to articulate these claims in a manner that would enable us to determine what he is making reference to or whether his complaints are of any substance.

This is a classic case where the trial court should have appointed counsel to represent the appellant. Had this been done, then a properly prepared amended petition could have been filed setting forth the appellant's claims, documented by the necessary factual allegations.

Thus, we find that the trial court erred in not giving the appellant a "reasonable opportunity, *with the aid of counsel,* to file an amended petition (emphasis added)." T.C.A. § 40–3807 (1975).

We reverse the trial court's dismissal of the appellant's post-conviction petition and remand this case to the trial court for appointment of counsel to represent the appellant in these proceedings. Said counsel will file an amended petition in compliance with all of the requirements of T.C.A. § 40–3804 (1975). Also, we call the district attorney general's attention to T.C.A. § 40–3814 (1975), which requires a response on his part to the petition, and we point out that under that section if the petition does not include the records or transcripts that are material to the questions raised, then the duty falls on him to see that these items are included in the record. *See Donovan v. State,* 580 S.W.2d 795 (Tenn.Cr.App.1978). Further, after the amended petition, the State's response, and all other pertinent pleadings and records are before the trial court, said court will grant an expeditious evidentiary hearing, if the factual allegations so require. T.C.A. § 40–3809 (1975). Either party that may be aggrieved by the trial court's ruling will then have the right to appeal to this Court.

Reversed and remanded.

WALKER, P. J., and SCOTT, J., concur.