**Barry L. CHILDRESS, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Knoxville.

April 11, 1985.

Susanna Williamson, Newport, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Nashville, Jane W. Young, Asst. Atty. Gen., Nashville, Steven Bevil, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

CORNELIUS, Judge.

Barry L. Childress filed pro se a petition for post-conviction relief. Without appointment of counsel or an evidentiary hearing the trial court dismissed the petition.

Appellate counsel, appointed by this Court, assigns two issues; the dismissal without requiring the district attorney's compliance with T.C.A. § 40–30–114(b), and the failure of the trial court to hold an evidentiary hearing on the allegation of ineffective assistance of counsel. The State has submitted the case without recommendation.

The judgment of the trial court is reversed and the case remanded.

The petitioner was initially indicted for second degree burglary, larceny and being an habitual criminal. With appointed trial counsel, petitioner/defendant plead guilty to third degree burglary and received a ten (10) year prison sentence.

He alleges in his petition that he was not sentenced in accordance with the Criminal Sentencing Reform Act, he did not receive effective assistance of counsel and his plea of guilty was involuntary. The petition was filed in the Hamilton County Criminal Court on June 18, 1984 and on June 21, 1984 the trial court entered an order dismissing the petition.

In deference to the trial court's detailed order of dismissal, the record now before this Court is deficient. The mentioned motion to waive a jury trial and petition to enter a guilty plea are not included in the record. The court's order reads that "a copy of the guilty plea hearing is attached to and made a part of this order." There is no such attachment in the record.

T.C.A. § 40–30–104 requires the district attorney to respond to a post-conviction petition by proper pleading on behalf of the State within 30 days after receiving notice. This Court has previously called attention to the imperative nature of the statute. *Turner v. State*, 665 S.W.2d 400, 401 (Tenn.Cr.App.1983) citing *Parton v. State*, 483 S.W.2d 753 (Tenn.Cr.App.1972). Furthermore, the district attorney is responsible for seeing that records or transcripts, material to the questions raised,

are included in the record. *See Haynes v. State*, 637 S.W.2d 467, 468 (Tenn.Cr.App. 1982).

 Petitioner, in an inartfully drawn petition, refers to his trial counsel as ineffective and alleges that his plea of guilty was involuntary. This, as in *Haynes v. State*, supra, is a classic case where the trial court erred in not giving the petitioner a reasonable opportunity, with the aid of counsel, to file an amended petition. T.C.A. § 40–30–107.

For the above reasons the trial court's dismissal of the petition is reversed and the case is remanded. Present counsel may file an amended petition in compliance with the requirements of T.C.A. § 40–30–104.

O'BRIEN and BYERS, JJ., concur.