798 F.2d 468
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry J. BUFORD, Plaintiff-Appellant,
v.
Leon HALEY, Jr., Defendant-Appellee.
 No. 85-5029.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1986.
 
 1
 Before KRUPANSKY and BOGGS, Circuit Judges, and PORTER, Senior District Judge.*
 
 ORDER
 
 2
 This pro se Tennessee state prisoner appeals from a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983 for being frivolous.
 
 
 3
 After allowing the plaintiff's complaint to be filed in forma pauperis under 28 U.S.C. Sec. 1915, the district court ordered the plaintiff to amend his complaint within ten days or else it would be dismissed for failure to state a claim. Thirteen days later, with no amendment having been filed, the district court dismissed the suit. On the next day, the plaintiff filed his motion to amend his suit. The district court reopened the case, considered plaintiff's motion to amend, and, finding the suit still wanting, dismissed the suit for failure to allege a violation of a constitutional right.
 
 
 4
 In his complaint and motion to amend, plaintiff alleged that the Clerk of the Criminal Court of Hamilton County, Tennessee, denied him his rights to due process, equal protection and access to to the courts guaranteed him under the first and fifth amendments to the constitution. Plaintiff explained that he sent numerous letters to the clerk of that court requesting the clerk to send him various copies of documents and a transcript filed in his criminal action in which he had pleaded guilty to aggravated rape in September of 1980. Plaintiff stated that he would like these materials so he could file an action seeking to set aside his conviction for being in violation of the constitution. Since the clerk never responded to his letters requesting the various record entries and transcript, plaintiff believes the clerk has violated his constitutional rights.
 
 
 5
 These arguments are reiterated by the plaintiff in his appellate brief. The appellee agrees with the district court on appeal, and further states in his brief that various copies of plaintiff's criminal file have been forwarded to the plaintiff pursuant to his requests.
 
 
 6
 Upon review of the cause, this Court concludes that the district court properly dismissed plaintiff's suit for failure to allege a deprivation of a constitutional right. Cf . Bird v. Summit Count Ohio, 730 F.2d 442 (6th Cir. 1984) (per curiam). Petitioner could have filed suit, and still may do so, under Tennessee's Post-Conviction Act and seek adequate discovery for the suit from the court having jurisdiction over his suit. If he is not able to file relevant parts of the record or transcript, petitioner may submit a statement explaining why he could not supply the papers, and the burden to supply them would then shift to the district attorney. See T.C.A. Sec. 40-30-104(12)(b); T.C.A. Sec. 40-30-114(b); Haynes v. States, 637 S.W. 2d 467 (C.A.Nashvll.1982). Petitioner may proceed as an indigent without payment of costs, T.C.A. Sec. 40-30-113; and counsel may be appointed to assist him if his claims are meritorious. Haynes v. States, supra. Finally, with the defendant stating in his appellate brief that available copies of parts of the record have already been sent to the plaintiff, it appears that plaintiff's claims for monetary damages may now be moot; and under the circumstances, it also appears that further delays in plaintiff's receipt of his papers will not be repeated. See In Re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 473 (6th Cir. 1983).
 
 
 7
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Hon. David S. Porter, Senior U.S. District Judge for the Southern District of Ohio, sitting by designation