**STATE of Tennessee, Appellee,**

v.

**Herschel CLARK, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

April 5, 1989.

---

Herschel Clark, Only, pro se.

Charles W. Burson, Atty. Gen. and Reporter, Norma Crippen Ballard, Asst. Atty. Gen., Nashville, for State of Tenn.

## OPINION

WADE, Judge.

The petitioner, appearing *pro se*, appeals from the dismissal of his petition for post-conviction relief. No evidentiary hearing was provided.

On March 30, 1988, the petitioner, originally convicted of assault with intent to commit rape and sentenced to nine years,

---

**1.** *State of Tennessee v. Herschel B. Clark,* No. 9, 1986 WL 5314 (Tenn.Crim.App., Jackson, May 7,

filed a post-conviction relief petition in the trial court (his first) alleging as grounds for relief the following:

1. Ineffective assistance by his appellate counsel;

2. Ineffective assistance by his trial counsel;

3. Denial of his right to self-representation;

4. Denial of his right to a jury charge on assault and battery;

5. Insufficiency of the evidence;

6. Denial of his right to a physical examination;

7. Defective indictment; and

8. Denial of his right to a speedy trial.

The sole issue on appeal is whether the trial court erred by dismissing the petition without an evidentiary hearing.

This court concludes that it did. The judgment is reversed and remanded to the trial court for an evidentiary hearing on the issue of ineffective appellate counsel.

On direct appeal, the petitioner attacked, among other things, the effectiveness of his trial counsel. This court affirmed the conviction on May 7, 1986.[1] Because the application for permission to appeal was not timely filed, the Supreme Court denied review on September 8, 1986.

■ The state concedes that petitioner's attack upon the effectiveness of his *appellate* counsel was incorrectly dismissed without an evidentiary hearing and suggests a remand to the trial court on the issue of effective appellate counsel. It concludes, however, that all other issues have either been waived or previously determined. See Tenn.Code Ann. § 40–30–112.

In *Swanson v. State,* 749 S.W.2d 731 (Tenn.1988), the Supreme Court ruled as follows:

[A] petition stating a colorable claim for relief or demonstrating an unwaived or undetermined ground for relief is to be considered on the merits.... Further-

1986).

more, when a colorable claim is presented in a *pro se* petition, dismissal without appointment of counsel to draft a competent petition is rarely proper.

*Id.* at 734.

The petition alleges that appellate counsel failed to present (1) "substantial issues"; (2) all issues set out in the motion for new trial; and (3) cite authority in support of its contentions.

A review of the issues presented by the petitioner establishes his entitlement to the appointment of counsel and an evidentiary hearing. The allegations regarding the effectiveness of appellate counsel have not been "previously determined," nor could they have been raised in petitioner's direct appeal. The petitioner must be provided with the assistance of counsel and given the opportunity to present his claim of ineffective appellate counsel. Under these circumstances, that issue has not been waived.

The other issues, on their face, were either previously determined in the direct appeal or waived by the failure of the petitioner to present them for prior review.[2] Tenn.Code Ann. § 40–30–112.

█ The recently enacted revision of Tenn.Code Ann. § 40–30–103(b)(1) (1988 Supp.) provides, in part, as follows:

> If a petition filed pursuant to this chapter raises the issue of the competency of counsel representing the petitioner at ... an appellate proceeding reviewing [the] original proceeding, such petition shall be heard and determined by ... the appellate judges who reviewed such conviction ... if such ... appellate judges are available.

This statute appears to be an extension of the legislative rationale requiring the designation of judges other than the original trial judge in all cases except in those instances when the petitioner alleges as a ground for relief the competency of his trial counsel in the original proceeding. Because it was effective on April 25, 1988, almost two months prior to the scheduled hearing in the trial court, this court finds that the statute is applicable in this particular case.

This court was established by the legislature in 1967. Its jurisdiction is specifically described as "appellate only"; the court is limited to "review of final judgments of the trial courts" in criminal cases, criminal contempt proceedings, habeas corpus, extradition cases, certiorari and supersedeas in cases within its jurisdiction, and post-conviction proceedings "attacking the validity of a final judgment of conviction or the sentence in a criminal case." Tenn.Code Ann. § 16–5–108.

In this case, the procedural issue is whether the 1988 amendment of the Post-Conviction Procedure Act was intended to enlarge upon the jurisdiction originally provided this court. That is, did the legislature intend to vest the Court of Criminal Appeals with the authority to either receive and hear proof on original applications for post-conviction relief (on the limited issue of the effectiveness of post-conviction appellate counsel) or interchange by panel with the trial court to hear evidence on the question? This court thinks not. Either of these interpretations presents a plethora of procedural and substantive issues ... some perhaps of constitutional magnitude. It is doubtful that the legislature, had it intended for this court to conduct evidentiary hearings, would have amended the act regulating post-conviction relief without also enacting amendments to the statute creating this court.

General guidelines for statutory construction suggest an interpretation preserving consistency in the judicial system. *See Long v. Alder,* 169 Tenn. 422, 88 S.W.2d 802 (1935). Specific acts take precedence over more general ones. *See Woodroof v. City of Nashville,* 183 Tenn. 483, 192 S.W.2d 1013 (1946).

Historically, this court has never been authorized or directed to accept proof. Because the court is made up of judges from

---

2. The petitioner alleged ineffective assistance of trial counsel and denial of self-representation in his direct appeal.

every grand division of the state and regularly rotates its three-judge panels, the logistics involved in arranging these single issue proceedings at either the trial or appellate level would likely subject the word "available" to a variety of interpretations.

The only practical construction of the 1988 amendment is that the trial court, in the manner outlined in the case of *Pinkston v. State*, 668 S.W.2d 676, 677 (Tenn. Crim.App.1984), accept the testimony relative to the issue of effective assistance of appellate counsel, make appropriate findings of fact, and otherwise establish the record necessary for review. The panel of original review, if "available," will then hear,[3] and determine the issue on the merits.

The issue is remanded to the trial court for an evidentiary hearing on the allegation of ineffective appellate counsel.

DWYER, J., and F. LLOYD TATUM, Special Judge.

---

3. Consideration of the matter on briefs, without oral argument, would obviously expedite the process of review and determination by this court.