IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

SEPTEMBER 1996 SESSION

FILED

October 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| SHANNON L. SMITH, KEITH VERSIE, AND MICHAEL L. WOFFORD, | ) ) ) ) | |
| APPELLANTS, | ) ) | |
| | ) | No. 02-C-01-9508-CR-00241 |
| | ) ) | Shelby County |
| v. | ) ) | W. Fred Axley, Judge |
| | ) ) | (Extraordinary Appeal) |
| STATE OF TENNESSEE, | ) ) | |
| APPELLEE. | ) | |

FOR THE APPELLANT:

Richard B. Fields
Attorney at Law
699 Jefferson Avenue
Memphis, TN 38105

George Kendricks
L. Song Richardson
Attorneys at Law
99 Hudson Street, Suite 1601
New York, NY 10013

Steven W. Hawkins
Attorney at Law
918 F Street, N.W., Suite 601
Washington, DC 20004

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Michael J. Fahey, II
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William L. Gibbons
District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

John W. Campbell
Assistant District Attorney General
201 Poplar Avenue, Suite 3-01
Memphis, TN 38103

OPINION FILED:_____

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS

Joe B. Jones, Presiding Judge

# O P I N I O N

The issue this Court must resolve in this extraordinary appeal is whether the trial court abused its discretion by disqualifying counsel in this post-conviction proceeding based upon a conflict of interest amongst the petitioners. After a thorough review of the record, the briefs of the parties, and the law governing the issue presented for review, it is the opinion of this Court the judgment of the trial court should be reversed and this action remanded to the trial court for further proceedings consistent with this opinion.

On the evening of June 24, 1991, at approximately 9:12 p.m., three African-American males approached Terry and Elizabeth Wilbanks and attempted to rob them. When the couple attempted to flee, Terry Wilbanks was shot. He died as a result of this gunshot wound. Elizabeth Wilbanks was shot in the hip. She survived the gunshot wound.

The petitioners were arrested at a fast food outlet approximately two blocks from the situs of the robbery. The petitioners entered the following guilty pleas pursuant to a plea bargain agreement:

1.) Shannon L. Smith: murder in the perpetration of a robbery, confinement for life in the Department of Correction; especially aggravated robbery, confinement for twenty-five (25) years in the Department of Correction; aggravated assault, confinement for six (6) years in the Department of Correction;

2.) Keith Versie: murder in the perpetration of a robbery, confinement for life in the Department of Correction; especially aggravated robbery, confinement for twenty-five (25) years in the Department of Correction; aggravated assault, confinement for six (6) years in the Department of Correction; and

3.) Michael A. Wofford: facilitation to commit murder in the perpetration of a robbery, confinement for twenty-five (25) years in the Department of Correction; especially aggravated robbery, confinement for twenty-five (25) years in the Department of Correction; aggravated assault, confinement for six (6) years in the Department of Correction.

The petitioners filed a joint petition for post-conviction relief on April 20, 1995, in the Criminal Court for the Thirtieth Judicial District. The petition alleged the ineffective

assistance of counsel and the entrance of involuntary pleas of guilty. The state filed an answer on May 3, 1995.

On or about the 30th day of May, 1995, the state filed a pleading entitled "Motion to Remove Counsel Due to Conflict of Interest." The motion alleged that (a) Wofford will be subject to a life sentence if his convictions are set aside, (b) counsel will use Wofford to benefit Smith and Versie, and (c) Wofford should be advised of the consequences of his actions in seeking to set aside his convictions. Based upon these concepts, the state asserted there was a conflict of interest between Smith and Versie on the one hand and Wofford on the other hand. Both the state and the petitioners rely upon the Sixth Amendment to the United States Constitution, Article I, § 9 of the Tennessee Constitution, and the Code of Professional Conduct, Tenn. Sup. Ct. R. 8.

On July 27, 1995, Alan E. Glenn, a former assistant district attorney and presently in the private practice of law, entered a limited appearance on behalf of Wofford. On this same date, Mr. Glenn, a person of sterling character, advised the trial court he had talked to Wofford and Wofford's mother regarding the proceedings pending before the trial court. He explained to Wofford the potential for a conflict of interest and what may occur if his convictions were set aside. Wofford advised Glenn he wished to waive any conflict of interest and proceed with the suit for post-conviction relief with his two former co-defendants.

The trial court subsequently entered an order disqualifying counsel of record from representing any of the petitioners. The order recites that Wofford had waived any conflict of interest. However, the trial court ruled this waiver was not binding upon the court. According to the trial court, whether to permit the waiver of a conflict of interest rests within the sound discretion of the trial court.

I.

Since the creation of the Post-Conviction Act, the appellate courts of this jurisdiction have been unable to determine whether suits brought pursuant to the Act are civil or criminal in nature. The courts have referred to such proceedings as "criminal," "quasi-

3

criminal," and a "hybrid affair."

In State v. Scales, 767 S.W.2d 157, 158 (Tenn. 1989), the issue before the supreme court was whether the waiver of the notice of appeal provision contained in Rule (4)(a), Tenn. R. App. P., could be applied in a post-conviction relief proceeding. The supreme court, stating "post-conviction proceedings are criminal in nature," held the waiver provision was applicable in post-conviction suits.

In State v. Ronnie C. Styles, Cocke County No. 03-S-01-9108-CR-00067 (Tenn., Knoxville, January 25, 1993), Styles was indicted for committing perjury in a post-conviction proceeding brought by Ronald Cassity. The question arose regarding the difference in the statute of limitations between criminal and civil cases. The court said in ruling:

> Neither party, as defense counsel has pointed out in the defense brief, have been able to discover a case in this jurisdiction directly pointing out whether a post-conviction proceeding is a civil matter or a criminal matter.
>
> We agree there has been a blur in the definition between civil and criminal cases heard under the provisions of the Post-Conviction Procedure Act. In this jurisdiction such proceedings have variously been referred to as quasi civil or quasi criminal. In Mitchell v. State, 512 S.W.2d 661, 663 (Tenn. Crim. App. 1974), the Court of Criminal Appeals held a petition for habeas corpus and a post-conviction petition to be pari causa when the relief and procedure authorized by the Post-Conviction Procedure Act appears adequate and appropriate. We find the comment of the United States Supreme Court in Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 897, 6 L.Ed.2d 39 (1961), to be relevant in this case. In Smith the court said: "We shall not quibble as to whether in this context it be called a civil or criminal act. . . . The availability of a procedure to regain liberty lost through criminal process cannot be made contingent upon a choice of labels."
>
> * * * *
>
> A post-conviction proceeding is a hybrid affair, involving an appeal from a criminal prosecution which is considered under civil rules of procedure.
>
> * * * *
>
> The procedural characteristics of the post-conviction remedy should be appropriate to the purposes of the remedy. While the post-conviction proceeding is separate from the original prosecution proceeding, the post-conviction stage is an extension of the original proceeding and should be related to it insofar as feasible.
>
> Post-conviction review has become an established part of the criminal process. In formulating a rule we recognize that the

4

> post-conviction proceeding is procedurally separate and apart from the original criminal prosecution. . . . It seeks not to convict, but to set aside a conviction which is void or voidable because of the abridgement of constitutional rights. The base root of the proceeding is criminal. The post-conviction stage of a criminal trial is an extension of the original proceeding. The procedure by which a criminal conviction may be set aside is civil in nature, therefore, it is tried under the Rules of Civil Procedure and less stringent evidentiary rules apply.

Styles, slip op. at 6-9. In Watkins v. State, 903 S.W.2d 302, 305 (Tenn. 1995), the supreme court essentially adopted the holding in Styles without making reference to the case.

The Tennessee Rules of Post-Conviction Procedure, created by the supreme court, add another dimension to this dilemma. Section 3(B) states "[n]either the Tennessee Rules of Civil Procedure nor the Tennessee Rules of Criminal Procedure apply to post-conviction proceedings. . . ."

While the supreme court has made an effort to clarify the nature of post-conviction proceedings, the distinction remains blurred. After stating in Styles and Watkins the proceedings are civil in nature and are governed by the Rules of Civil Procedure, the supreme court has formulated a rule which states that neither the civil or criminal rules apply in these proceedings unless specifically designated by a particular provision of the rules. Tenn. Sup. Ct. R. 28 § 3(B).

## II.

It has long been established that the right to counsel provisions embodied in the Sixth Amendment to the United States Constitution and Article I, § 9 of the Tennessee Constitution extend through the first appeal as of right. Pennsylvania v. Finley, 481 U.S. 551, 554-55, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539, 545-46 (1987); House v. State, 911 S.W.2d 705, 712-13 (Tenn. 1995), cert. denied, ____ U.S. ____, 116 S.Ct. 1685, 134 L.Ed.2d 787 (1996). In other words, there is no constitutional right to the assistance of counsel in post-conviction proceedings. Carruthers v. State, 814 S.W.2d 64, 69 (Tenn. Crim. App.), per. app. denied (Tenn. 1991). As the supreme court said in House, "the federal constitution does not require that states provide an attorney to an indigent post-

conviction petitioner. . . ." 911 S.W.2d at 712.

The petitioner in a post-conviction proceeding has a statutory right to the appointment of counsel when the petition alleges a colorable claim that has not been waived, previously determined, or barred by the statute of limitations. Tenn. Code Ann. § 40-30-207(b)(1) (formerly Tenn. Code Ann. § 40-30-107). The supreme court has also provided for the appointment of counsel in post-conviction cases. Tenn. Sup. Ct. R. 13 § 1.

The appellate courts of this state have zealously guarded a petitioner's right to counsel in post-conviction cases. See, e.g., Allen v. State, 854 S.W.2d 873, 876 (Tenn. 1993); Swanson v. State, 749 S.W.2d 731, 734-35 (Tenn. 1988); Martucci v. State, 872 S.W.2d 947, 948 (Tenn. Crim. App. 1993); State v. Clark, 774 S.W.2d 634, 636 (Tenn. Crim. App. 1989); State v. Mullins, 767 S.W.2d 668, 670 (Tenn. Crim. App. 1988), per. app. denied (Tenn. 1989); Childress v. State, 695 S.W.2d 541, 543 (Tenn. Crim. App. 1985); Mayes v. State, 671 S.W.2d 857, 859 (Tenn. Crim. App. 1984); Haynes v. State, 637 S.W.2d 467, 468 (Tenn. Crim. App. 1982). The number of unreported cases which have reversed the trial court for the failure to appoint counsel are legion. In State v. Butler, 670 S.W.2d 241, 243 (Tenn. Crim. App.), per. app. denied (Tenn. 1984), this Court said "the assistance of counsel is necessary to aid both the petitioner and the courts in bringing this matter to a proper conclusion."

### III.

The precise question this Court must resolve is whether (a) the petitioner is entitled to be represented by private counsel of his or her choice, (b) there is a conflict of interest in this case, and, if so, whether (c) the petitioner has a right to waive a conflict of interest created by joint representation. The appellate courts of this state have not addressed these issues.

A petitioner in a post-conviction action has a qualified right to be represented by retained private counsel of his or her choice. For instance, retained private counsel must be licensed to practice law in Tennessee and be in good standing with the appropriate

6

agencies. Counsel licensed in another state may represent the petitioner if counsel complies with the pro hac vice requirements contained in the Supreme Court Rules. Of course, there are numerous other factors that could affect this qualified right.

In this case, the facts do not create a conflict of interest. All three petitioners were convicted for engaging in the same criminal conduct after they entered their respective pleas of guilty. The grounds raised in the petition are common to all three petitioners. If each petitioner was granted a separate evidentiary hearing, or each granted a separate lawyer, the same evidence would be adduced at each hearing or by each lawyer. In short, whether or not there may be disparity in sentencing if the petitioners are granted a new trial and are convicted does not create a conflict of interest in this proceeding. However, separate counsel may be required to represent the petitioners if a new trial is granted.

Assuming arguendo there is a conflict of interest based upon multiple representation in a post-conviction action, the parties should be given the opportunity to waive the conflict in order to be represented by the same lawyer. Here, the state alleged Michael Wofford presented a conflict of interest, and private counsel should be barred from representing any of the petitioners. Separate counsel conferred with Wofford and his mother and announced to the trial court Wofford understood the possibility of a conflict of interest. However, he was willing to waive the conflict to be represented by private counsel filing the petition on his behalf.

The statements of counsel are insufficient, as a matter of law, to constitute a waiver of a potential conflict of interest.[1] The petitioner must be present in open court. The parties and the trial court should explain to the petitioner how an actual or potential conflict may affect him and that the petitioner has a right to be represented by separate counsel. The petitioner must be questioned under oath by the parties and the trial court to determine if the petitioner understands the actual or potential conflict. The petitioner must state under oath whether he desires to waive the actual or potential conflict. If the petitioner states he

---

[1] When a member of this panel asked the attorney arguing the merits of the petitioners' case if evidence had been presented regarding Wofford's desire to waive any potential or actual conflict of interest that might exist, counsel stated evidence had been presented at the hearing. The record, as previously noted, does not contain evidence of this fact. The statements of counsel do not constitute evidence. See Delk v. State, 590 S.W.2d 435, 440 (Tenn. 1979); State v. Dykes, 803 S.W.2d 250, 255 (Tenn. Crim. App.), per. app. denied (Tenn. 1990).

7

is willing to waive any actual or potential conflict of interest, the trial court shall permit the petitioner to be represented by private counsel absent a compelling reason to the contrary. In short, a trial court should not overrule the informed decision of the petitioner who knowingly and intelligently waives either a potential or actual conflict of interest, decides to be represented by his retained counsel of choice, and agrees to accept the consequences of his decision. See State v. Parrott, 919 S.W.2d 60, 62 (Tenn. Crim. App. 1995).

While Tenn. R. Crim. P. 44(c) is not applicable in post-conviction actions, the rule serves as a guideline as to how a trial court should proceed when a party asserts or it is readily recognized that an actual or potential conflict of interest may exist. Such a procedure will preserve the right to counsel in post-conviction actions prescribed by statute and rule.

This cause is remanded to the trial court for further proceedings consistent with this opinion.

_____
JOE B. JONES, PRESIDING JUDGE


CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JERRY L. SMITH, JUDGE