## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## MARCH 1998 SESSION

FILED

March 25, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| CLINTON MASON, | ) | |
| Appellant, | ) | NO. 01C01-9705-CR-00197 |
| | ) | |
| VS. | ) | DAVIDSON COUNTY |
| | ) | |
| | ) | HON. J. RANDALL WYATT, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**THOMAS A. LONGABERGER**
300 James Robertson Parkway
3rd Floor
Nashville, TN 37201

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ELIZABETH B. MARNEY**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**VICTOR S. JOHNSON III**
District Attorney General

**KATRIN MILLER**
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue North
Nashville, TN 37201-1649

**OPINION FILED:** _____


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**


## OPINION

The petitioner, Clinton Mason, appeals the trial court's dismissal of his petition for post-conviction relief. The issue presented on appeal is whether the record is sufficient for this Court to make a determination of effective assistance of appellate counsel. The judgment of the trial court is affirmed.

## I.

The petitioner was convicted of two (2) counts of especially aggravated kidnapping, one (1) count of especially aggravated robbery, and one (1) count of aggravated robbery. He received an effective sentence of thirty-five (35) years. On direct appeal, this Court reduced the sentence to thirty (30) years. *See* State v. Shonie Wardell Crisp and Clinton Lamont Mason, C.C.A. No. 01C01-9205-CR-00177, Davidson County (Tenn. Crim. App. filed January 6, 1994, at Nashville). Subsequently, this Court denied a petition to rehear, and the Tennessee Supreme Court denied permission to appeal.

The petitioner then filed a petition for post-conviction relief alleging ineffective assistance of counsel at both the trial and on appeal. Counsel was appointed and a hearing was held. The trial court made extensive findings of fact regarding counsel's representation at trial and found counsel's performance to be within the acceptable range of competence. However, the trial court held that the inquiry into ineffective assistance of appellate counsel was to be "conducted by the panel of original review," leaving that determination to this Court. The trial court made no findings as to appellate counsel's effectiveness.

The defendant appeals the trial court's ruling regarding appellate counsel. He contends the trial court should have made findings to aid this Court in its determination, and because the trial court failed to make required findings, this Court is without jurisdiction to address the issue. He urges this Court to remand the case to the trial court for specific findings.

2

## II.

The trial court found that a claim of ineffective assistance of appellate counsel "is to be conducted by the [appellate] panel of original review." Therefore, it did not make findings as to the effectiveness of petitioner's appellate counsel. The trial court cited as authority for its decision, State v. Clark, 774 S.W.2d 634 (Tenn. Crim. App. 1989). However, the statute referred to by this Court in Clark had been amended at the time of the filing of the instant petition. Tenn. Code Ann. § 40-30-103 (b)(1)(Supp. 1988), *amended by* 1993 Tenn. Pub. Act 136, § 2. The new statute provides that "a judge other than the original hearing judge" may decide competency of either trial or appellate counsel. Tenn. Code Ann. § 40-30-205 (b)(Supp. 1996). It is the trial court's responsibility to make findings as to appellate counsel's effectiveness. Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993). The trial court committed error in not making findings as to the performance of petitioner's counsel on appeal.

## III.

The petitioner did not introduce evidence at his post-conviction hearing regarding effective assistance of appellate counsel. The state elicited from appellate counsel the only evidence presented at the hearing regarding his performance. Counsel testified that on appeal he was successful in getting a five (5) year reduction in the petitioner's sentence. Contrary to petitioner's allegation in his written petition, counsel testified that the appellate record was properly prepared. Counsel also testified that after the Tennessee Supreme Court denied permission to appeal, he informed the petitioner of his possible avenues of redress. These statements were the extent of testimony regarding effective assistance of appellate counsel.

## IV.

The petitioner failed to introduce any proof at his post-conviction hearing regarding ineffective assistance of appellate counsel. We find, therefore, even if the trial court had made findings of fact, it could not have found the petitioner met his burden of proving ineffective assistance of appellate counsel by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-210 (f). In considering the entire record in this cause, we are satisfied that the error committed by the trial court was harmless beyond a reasonable doubt and find no reason to remand for further findings. Tenn. R. App. P. 36 (b).

The judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**DAVID H. WELLES, JUDGE**